UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GEORGE FREEMAN, an individual;
and FLORIDA CARRY, INC., a
Florida non-profit corporation;**

Case No.: 8:15-cv-2262-JSM-EAJ

**Plaintiffs,**

vs.

**CITY OF TAMPA, FLORIDA,
ROCCO CORBINO
TRAVIS A. RICHARDS
THREE UNKNOWN OFFICERS OF THE
TAMPA POLICE DEPARTMENT
RONALD E. GRAHAM,
CHIEF ERIC WARD AND
ROBERT F. BUCKHORN,**

   **Defendants.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through the undersigned, file their Answer and Affirmative Defenses to the Plaintiff's Complaint (**Dkt. #2**), as Ordered by the District Court in its Order, dated December 8, 2015 (**Dkt. 15**), denying in part, Defendants' Amended Motion to Dismiss (**Dkt. 11)** and would state:

1.   Nature of action speaks for itself.

2.   Admit that the address listed for Plaintiff on the trespass warning was an address in Auburndale, Florida. Admit that Auburndale, Florida is located in Polk County, Florida.

3.   Without knowledge.

4.   Admit.

5.   Without knowledge.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Without knowledge, therefore Denied.

11. Admit.

12. Admit to the extent that section 790.33(2)(b) is quoted in this paragraph. Otherwise denied.

13. Admit.

14. Admit.

15. Denied.

16. Admit.

17. Admit.

18. No response required.

19. Admit.

20. Admit and by way of further explanation state that no objection was warranted when Defendant Officers were not willingly and knowingly violating Plaintiff's constitutional rights or section 790.33.

21. Admit.

22. Denied.

23. Admit.

24. Admit.

25. Admit.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Without knowledge.

30. Without knowledge.

31. Without knowledge.

32. Without knowledge.

33. Without Knowledge.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Without knowledge regarding whether Plaintiff is left-handed, otherwise all other allegations in this paragraph are admitted.

40. Admit.

41. Admit.

42. Without knowledge, therefore Denied.

43. Denied.

44. Admit.

45. Denied.

46. Denied.

47. Denied.

48. Admit.

49. Admit.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admit.

57. Denied.

58. Admit, and by way of further explanation state that the seizure of the gun inside Plaintiff's truck occurred after Plaintiff was advised that he was free to go and Plaintiff, via his consent, allowed law enforcement to look inside his truck and examine the additional gun that was inside.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Admit that Plaintiff was asked about how he got to the pier with his gun; but Denied to the extent that Plaintiff told the officers of his own volition about joining a group and learning from a website that there was a meeting being held at Ballast Point Park between 10-12 p.m. at the pier.

65. Admit.

66. Admit.

67. Admit.

68. Admit.

69. Admit.

70. Admit.

71. Admit.

72. Denied.

73. Denied.

74. Without knowledge.

75. Without knowledge.

**COUNT I — VIOLATION OF SECTION 790.33, FLA. STAT., AS TO FREEMAN BY ROCCO CORBINO**

76. Denied.

77. Denied.

78. Admit.

79. Admit.

80. Admit.

81. Denied.

82. Admit.

83. Admit.

84. Admit.

85. Denied.

86. Denied.

87. Admit.

88. Admit.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Admit.

94. Denied.

95. Admit.

96. Admit, and by way of further explanation state that the trespass warning was rescinded 6 days after issuance and is no longer in effect.

97. Admit that the right to fish in Ballast Point Park was impaired for 6 days; Denied that such right is currently impaired because the trespass warning was rescinded after 6 days issuance and is no longer in effect.

98. Denied.

99. Denied.

100. Denied.

101. Admit.

102. Admit.

103. Denied.

104. Denied.

## COUNT II — VIOLATION OF SECTION 790.33, FLA. STAT., AS TO FREEMAN BY TRAVIS RICHARDS

105. Denied.

106. Denied.

107. Admit.

108. Admit.

109. Admit.

110. Denied.

111. Admit.

112. Admit.

113. Admit.

114. Denied.

115. Denied.

116. Admit.

117. Admit.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Admit.

128. Admit.

129. Denied.

130. Denied.

### COUNT III — VIOLATION OF SECTION 790.33, FLA. STAT., AS TO FREEMAN BY SGT. RONALD E. GRAHAM

131. Denied.

132. Denied.

133. Admit.

134. Denied.

135. Admit.

136. Admit.

137. Admit.

138. Denied.

139. Admit.

140. Admit.

141. Admit.

142. Denied.

143. Denied.

144. Admit.

145. Admit.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Admit.

154. Denied.

155. Admit.

156. Admit.

157. Denied.

158. Denied.

**COUNT IV — VIOLATION OF SECTION 790.33, FLA. STAT. BY CHIEF ERIC WARD**

159. Denied.

160. Admit.

161. Denied.

162. Admit.

163. Denied that the officers who were employed by the City of Tampa were acting as agents of Chief Ward. Otherwise Admit.

164. Admit.

165. Denied.

166. Admit.

167. Admit.

168. Admit.

169. Denied.

170. Denied.

171. Admit that Plaintiff was detained for over seventy minutes; Denied that the officers who were employed by the City of Tampa were acting as agents of Chief Ward.

172. Denied that officers who are employed by the City of Tampa are agents of Chief Ward. Otherwise admit.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied that the officers who were employed by the City of Tampa were acting as agents of Chief Ward. Otherwise Admit.

178. Denied.

179. Denied.

180. Denied that that the officers who were employed by the City of Tampa were acting as agents of Chief Ward. Otherwise Admit.

181. Denied.

182. Denied that that the officers who were employed by the City of Tampa were acting as agents of Chief Ward. Otherwise Admit.

183. Admit.

184. Denied.

185. Denied.

# COUNT V — VIOLATION OF SECTION 790.33, FLA. STAT. BY ROBERT F. BUCKHORN

186. Denied.

187. Admit.

188. Denied that violations occurred; Otherwise admit.

189. Denied.

190. Admit.

191. Denied that officers were agents of Bob Buckhorn; otherwise Admit.

192. Denied.

193. Admit.

194. Admit.

195. Admit.

196. Admit.

197. Denied.

198. Denied.

199. Denied.

200. Denied that officers, who were employed by the City of Tampa, were agents of Bob Buckhorn. Otherwise Admit.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied that officers, who were employed by the City of Tampa, were agents of Bob Buckhorn. Otherwise Admit.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied that officers, who were employed by the City of Tampa, were agents of Bob Buckhorn. Otherwise Admit.

211. Admit.

212. Denied.

213. Denied.

## COUNT VI — VIOLATION OF SECTION 790.33, FLA. STAT. BY CITY OF TAMPA

214. Denied.

215. Admit.

216. Denied.

217. Admit.

218. Denied.

219. Admit.

220. Admit.

221. Admit.

222. Denied.

223. Denied.

224. Admit.

225. Admit.

226. Denied.

227. Denied.

228. Denied

229. Denied.

230. Denied.

231. Denied.

232. Admit.

233. Denied.

234. Admit.

235. Admit.

236. Denied.

237. Denied.

### COUNT VII — VIOLATION OF 42 U.S.C. SEC. 1983 AS TO FREEMAN BY DEFENDANT OFFICERS FOR THE INITIAL DETENTION AND SEARCH

238. Admit.

239. Denied.

240. Denied.

241. Denied.

242. Admit.

243. Denied.

244. Denied.

## COUNT VIII — VIOLATION OF 42 U.S.C. SEC. 1983 AS TO FREEMAN BY DEFENDANT OFFICERS FOR THE SEIZURE OF FREEMAN'S FIREARMS

245. Denied.

246. Admit that there was no obvious signs that Plaintiff was a "dangerous person"; however there would be no way for any officer to intuit whether someone is dangerous without additional information about the person or additional interaction with the person.

247. Denied to the extent that a person may also be disarmed if they give consent.

248. Admit.

249. Denied.

250. Admit.

251. Denied.

## COUNT IX — VIOLATION OF 42 U.S.C. SEC 1983 AS TO FREEMAN BY DEFENDANT OFFICERS FOR THE CONTINUED DETENTION OF FREEMAN

252. Admit.

253. Admit.

254. Admit.

255. Denied.

256. Admit.

257. Denied.

258. Denied.

# COUNT X — VIOLATION OF 42 U.S.C. SEC 1983 AS TO FREEMAN BY ROCCO CORBINO FOR THE ISSUANCE OF THE TRESPASS WARNING

259. Admit.

260. Admit.

261. Denied, regarding the trespass warning being unclear, otherwise Admit.

262. Denied.

263. Admit.

264. Admit.

265. Denied.

266. Denied.

267. Denied.

268. Admit.

269. Denied.

270. Denied.

271. Denied.

# COUNT XI — VIOLATION OF 42 U.S.C. SEC. 1983 AS TO PLAINTIFFS BY CITY OF TAMPA, FLORIDA

Per the Court's order (Docket 15), Count 11 was dismissed without prejudice so the City will not offer any response to paragraphs 272 through 283 of the Complaint.

# COUNT XII — VIOLATION OF SEC 790.33 AS TO PLAINTIFF FLORIDA CARRY BY DEFENDANT OFFICERS

284. Denied.

285. Denied.

286. Denied.

287. Denied.

288. Denied.

289. Denied.

290. Denied.

291. Denied.

292. Admit.

**COUNT XIII— DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO SEC. 790.33, FLA. STAT., BY PLAINTIFFS AGAINST DEFENDANTS**

293. No response required.

294. Denied that Plaintiffs are entitled to any relief; otherwise Admit.

295. Denied.

**COUNT IVX — DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF BY PLAINTIFFS AGAINST CITY OF TAMPA, FLORIDA PURSUANT TO SEC. 790.335, FLA. STAT.**

296. Admit.

297. Denied.

298. Admit.

299. Admit.

300. Denied.

301. Denied.

302. Denied.

303. Denied.

304. Denied.

305. Admit.

306. Admit.

307. Denied that Plaintiff is entitled to any relief.

**COUNT XV— DECLARATORY JUDGMENT BY PLAINTIFFS AGAINST DEFENDANT OFFICERS OF THE CITY OF TAMPA POLICE DEPARTMENT PURSUANT TO SEC. 790.335, FLA. STAT.**

308. Admit.

309. Denied.

310. Denied.

311. Admit.

312. Denied.

313. Denied.

314. Denied.

315. Admit.

316. Denied.

### **AFFIRMATIVE DEFENSES**

As and for additional defenses, Defendants would state:

Section 1983 claims:

1. That Defendant Officers were at all times, acting under color of law, and within their discretionary authority as law enforcement officers of the State of Florida employed by the City of Tampa and do assert their entitlement to qualified immunity.

2. That Defendant Officers had arguable reasonable suspicion to detain Plaintiff, Freeman in their effort to determine the validity of a Complaint about his gun while in Ballast Point Park.

3. That even if the detention was based on a mistake of law; such mistake can still support reasonable suspicion (or arguable reasonable suspicion) for a detention.

4. That at all times, Plaintiff consented to, and did not object, to the temporary seizure of his firearms.

5. That Plaintiff's consent was not based on his acquiescence to authority.

6. That during the period of Plaintiff's detention, he was never placed in handcuffs and was never placed inside a patrol car.

7. That during the period of Plaintiff's detention he was seated on a sidewalk under a shade tree with his bucket and fishing rod, and at all times maintained possession of his cellular telephone. Further, Plaintiff was encouraged by Defendant Officers to answer his phone and speak to his wife who called several times.

8. That during the period of the detention, Plaintiff was not threatened with arrest and was told that the officers were just trying to determine the state of Florida law regarding his conduct of open carrying.

9. That should a violation of the Fourth Amendment be determined from the facts, Plaintiff's damages for his detention, seizure of his gun, and/or the issuance of the trespass warning, are nominal.

790.33 Claims

10. That there was no City Ordinance, Rule, regulation or policy in effect on the date of incident that was in conflict with section 790.33.

11. That in September 2014 (9 months before this incident), the City of Tampa had repealed its Ordinance that prohibited firearms in City parks because it was in conflict with section 790.33.

12. If any Officer relied on the repealed statute as a basis for the detention that the reliance was in error and such mistake demonstrates that there was not a knowing and willful violation of section 790.33.

13. That the Tampa Police Department did not have any policy, General Order, Intra Departmental Procedure, Standard Operating Procedure, or Manual of Regulation that was in conflict with section 790.33.

14. That the trespass warning issued to Plaintiff, Freeman was rescinded 6 days after its issuance and 5 days before the filing of the instant lawsuit.

15. That Defendant Officers did not knowingly and willfully violation section 790.33.

16. That Florida Carry's members have not been adversely affected by the incident on June 13, 2015 because the group nor its members have been issued a trespass warning or suffered any adverse action in any City park. To the extent Florida Carry relies on the trespass warning issued to Mr. Freeman, the trespass warning was rescinded 6 days after is issuance.

17. That the claims in Count I (Corbino), II (Richards) , III (Graham) , IV (Ward) and V (Buckhorn) are precluded by section 790.33(f) because a lawsuit is not authorized against individuals.

18. That the individual Defendants are not subject to the injunctive and declaratory relief being sought.

790.335 Claim

19. That the City of Tampa has not created or maintained any record of firearms in violation of section 790.335.

20. That injunctive relief or declaratory is not available as a remedy under section 790.335, as the investigation of whether a violation of this section has occurred and the prosecution of same is controlled by the Hillsborough County State Attorney.

**D**efendants request trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document has been furnished by email via Florida Courts e-filing/e-service to counsel for plaintiff, Eric J. Friday, Esquire, Fletcher & Phillips, 541 East Monroe Street, Jacksonville, FL 32202, at FamilyLaw@FletcherandPhillips.com, EFriday@FletcherandPhillips.com, EPittman@FletcherandPhillips.com, Attorneys for Plaintiffs and Lesley R. McKinney, Esquire, McKinney, Wilkes & Mee, PLLC, 13400 Sutton Park Drive South, Suite 1204, Jacksonville, FL 32224-0235, at Lesley@mwmfl.com, Attorneys for Plaintiff, this 18th day of December, 2015.

**JULIA C. MANDELL, CITY ATTORNEY**
**CITY OF TAMPA**

By: /s/ Ursula D. Richardson
Ursula D. Richardson
Assistant City Attorney
FBN: 0064467
315 E. Kennedy Boulevard, 5th Floor
Tampa, FL 33602
(813) 274-7205 Telephone
(813) 274-8894 Facsimile
Counsel for Defendant City of Tampa/Buckhorn
Email:
Ursula.Richardson@tampagov.net
Imelda.Higgins@tampagov.net